J. Gordon Hill, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Frank A. MacHugh, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 8966, 8967.   Promulgated May 1, 1928.

*Neil E. Larkin, Esq.*, for the petitioners.
*J. W. Fisher, Esq.*, for the respondent.

OPINION.

TRAMMELL: The question here involved is the deductibility, in determining net income, of the reserves set up for bad debts. The

Revenue Act of 1921, section 214 (a), provides that in computing net income there shall be allowed as deductions:

(7) Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

The statute provides for a deduction in the discretion of the Commissioner of a reasonable addition to a reserve for bad debts and not the reserve itself. The reserve which existed at the beginning of 1921 is not deductible as an " addition " to the reserve made during the year. The petitioner, however, added the reserve as it existed at the beginning of 1919 in the amount of $1,993.50. This is in no proper sense an addition to the reserve.

The petitioner also, in the case of the indebtedness of the Marchmont Calculating Machine Co., included in income the bill rendered in the amount of $5,000 less the amount of $1,000 which was the amount of reserve set up with respect thereto, that being the amount by which it was expected that the bill would have to be reduced in order to satisfy the client.

The reserve also included other accounts in which there was a dispute over the correctness of the book charges and credits. Deductions on account of bad debts are not allowable unless the debts themselves are first established.

We held in *George C. Peterson Co.*, 1 B. T. A. 690, that any loss resulting from a dispute over the correctness of book charges and credits in connection with business transactions is deductible in the year in which settled by compromise or otherwise. A deduction of an addition to a reserve on account of such disputes and subsequent settlements is not allowable.

The reserve included both bad accounts and those which were thought would probably be uncollectible, either by reason of disputes as to the correctness of the amounts charged and credits, or on account of the financial condition of the debtors, and the bad accounts could not be distinguished from those not ascertained to be bad in the reserve.

We do not think that the reserve set up by the petitioner and deducted in determining the net income was determined in the manner contemplated by the statute.

*Judgment will be entered on 15 days' notice, under Rule 50.*